———o———

## No. 6799.

## JAS. P. BUTLER, JR., ET AL. v. LA. RAILWAY & NAVIGATION CO.

### Syllabus.

The circumstances disclosed herein held to come within the contemplation of a certain contract of indemnity herein sued upon.

Appeal from the Civil District Court, Parish of Orleans, No. 108,947, Division "E"; Honorable George H. Theard, Judge. Affirmed:

Dart, Kernan & Dart, for plaintiff and appellee.

Foster, Milling, Brian & Saal, Attorneys; J. Zack Spearing, attorneys for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiffs had judgment herein against the defendant for the value of a certain carload of flour to which plaintiffs were entitled as being the *bona fide* holders for value of the negotiable bill of lading therefor.

It appears that the flour was intended for Browder Bros., but shipped on a negotiable bill of lading, and had already been delivered to said Browder Bros., but without requiring them to surrender said negotiable bill of lading.

Defendant therefore called in warranty the United States Fidelity and Guarantee Co. as surety upon a certain contract of indemnity hereafter mentioned.

There was judgment against the surety and the latter appeals.

In substance, the contract of indemnity above said provided that the Railway Co. agreed to deliver to Browder Bros. all flour shipments intended for said Browder Bros. (*i. e.*, Notify Browder Bros.) but shipped on "Shipper's Order" bills of lading, without production of the negotiable bills of lading therefor. And the said Browder Bros. agreed to surrender said bills of lading within one week after delivery of the flour.

Otherwise said Browder Bros. should reimburse said Railway Co. any loss or damage the latter might suffer by reason of the failure to surrender the negotiable bills of lading aforesaid, and to this instrument the appellant made itself a party as surety for the aforesaid Browder Bros.

The undisputed evidence in the case shows that the car of flour herein involved, was shipped by the Border Queen Milling Co., of Caldwell, Kansas, upon a bill of lading to "Shipper's Order", with instructions to "Notify Browder Bros."

This bill of lading, duly endorsed, was then sent by the shippers to defendant's station agent at New Orleans, with instructions to unload and store the flour and await telegraphic instructions to whom the bill of lading should be delivered.

On October 25, the shipper wired the agent to deliver said bill of lading to Browder Bros., which was done. On November 8, the flour was called for and delivered to Browder Bros without requiring the bill of lading.

It is contended by the surety that the indemnity bond herein was meant to cover such cases only where Browder Bros. obtained flour to which they were not rightfully entitled. That in the case at bar Browder Bros. were rightfully entitled to the flour from the moment the duly endorsed bill of lading was put into their hands by the agent of the Railway Co., and that if they afterward negotiated said bill of lading and then withdrew the goods without surrendering the bill of lading, it was the act of the Railway Co., through its agent, which enabled them to perpetuate the fraud, and hence it cannot complain.

The fallacy of the above contention lies in assuming that Browder Bros. were rightfully entitled to the flour immediately upon obtaining possession of the endorsed bill of lading therefor.

But this is not correct, for they were rightfully entitled to the flour only upon surrendering the negotiable bill of lading, which they never did.

But on the other hand they were entitled to the flour, and indeed it was delivered to them, only by reason of their contract of indemnity hereinabove said, and upon which their surety is liable if they afterwards failed to surrender the bill of lading.

Nor do we see any fault on the part of defendant or its agent in delivering the bill of lading (until then the property of the shipper) in accordance with the shipper's instructions, and thereafter treating the shipment precisely as any other shipment. The obvious intent of the indemnity bond was to secure credit for Browder Bros., and enable them to handle their flour shipments with dispatch upon the faith of that credit. And Browder Bros. have simply abused that credit; the very contingency upon which their surety must respond for them.

Our learned brother of the District Court thought the transaction came within the terms of the indemnity bond, and held the surety liable therefor, and to us his judgment seems correct.

The judgment appealed from is therefore affirmed.

Opinion and decree, December 18th, 1916.

Rehearing refused January 22nd, 1917.

Writ denied, March 13th, 1917.